JEREMY W. FAITH (State Bar No. 190647)
MEGHANN TRIPLETT (State Bar No. 268005)
NOREEN GUREGIAN (State Bar No. 279227)
**MARGULIES FAITH LLP**
16030 Ventura Blvd., Suite 470
Encino California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777
Email: Jeremy@MarguliesFaithlaw.com
Email: Meghann@MarguliesFaithlaw.com
Email: Noreen@MarguliesFaithlaw.com

Attorneys for Jerry Namba, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>CHARLES RAY ROSS ,<br><br>Debtor. | Case No.: 9:14-bk-11656-PC<br><br>Chapter: 7<br><br>Adv. No.: _____ |
| JERRY NAMBA, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW P. KRAUSE, the Acting Trustee of the Charles Ray Ross Trust of January 7, 2010,<br><br>Defendant. | **COMPLAINT FOR (1) DECLARATORY RELIEF DETERMINING PROPERTY OF THE ESTATE; AND (2) TURNOVER OF PROPERTY OF THE ESTATE**<br><br><br>Date:   [To Be Set By Summons]<br>Time:<br>Place:  Courtroom 201<br>            United States Bankruptcy Court<br>            1415 State Street<br>            Santa Barbara, CA 93101 |

**TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY**

**JUDGE:**

Plaintiff Jerry Namba, Chapter 7 trustee (the "Trustee" or "Plaintiff") for the

bankruptcy estate of Charles Ray Ross (the "Debtor") files this *Complaint For (1)*

*Declaratory Relief Determining Property of the Estate; and (2) Turnover of Property of*

*the Estate* against Andrew P. Krause, the Acting Trustee of the Charles Ray Ross Trust

of January 7, 2010 ("Defendant"), and alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1.      This Court has jurisdiction over this adversary proceeding by virtue of 28

U.S.C. §§ 157(a) and 1334(b).  By virtue of 28 U.S.C. § 157(b)(2)(E), this is a core

proceeding.

2.      Venue is proper in this Court under 28 U.S.C. § 1409 because this

adversary proceeding arises under and in connection with a case filed under title 11 of

the United States Code (the "Bankruptcy Code") which is pending in this district.

3.      The Bankruptcy Estate's right to recover under 11 U.S.C. § 542(a) the

Charles Ray Ross Trust of January 7, 2010 of which Andrew P. Krause is the acting

trustee (the "Defendant"), requires an adversary pursuant to Federal Rule of Bankruptcy

Procedure 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and 28 U.S.C. § 2201.

### THE PARTIES

4.      Plaintiff is the duly appointed Chapter 7 Trustee in the above-captioned

case.

5.      Defendant is the acting trustee of the Charles Ray Ross Trust of January 7,

2010.

### GENERAL ALLEGATIONS

6.      On July 31, 2014, Debtor commenced this case by the filing of a voluntary

petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

7.    Jerry Namba is the duly-appointed, qualified and acting Chapter 7 Trustee in this bankruptcy case ("Trustee" and/or "Plaintiff") and brings this Complaint in that capacity.

8.    On Schedule B, Line 20, the Debtor scheduled "Charles Ray Ross Trust -- Irrevocable Trust – Not Property of the Estate" valuing his interest at $0.00 (the "Trust"). A true and correct copy of the Trust is attached hereto as **Exhibit 1.**

9.    The Debtor does not claim any exemption in the Trust on Schedule C.

10.    Plaintiff is informed and believes that the Trust was created by the Debtor on January 7, 2010.

11.    Plaintiff is informed and believes that the Trust is irrevocable.

12.    Plaintiff is informed and believes and on the basis of such information and belief alleges that the Trust was self-settled by the Debtor to protect him from lawsuits.

13.    Article 3(A) of the Trust at Sections 1-3 provides for the Debtor to access all of the income and principal of the Trust "including the whole" at any time for his benefit.

14.    Plaintiff is informed and believes that no limitation is placed on the amount of the principal and income the Debtor can withdraw from the Trust for his personal benefit.

15.    The Debtor testified at his § 341(a) meeting of creditors held on September 8, 2014 that as of the Petition Date, the Trust holds assets in excess of $700,000.

16.    Defendant subsequently provided the Trustee with documents verifying the Trust's assets of approximately $702,682 as of January 9, 2015.

17.    Upon the death of the Debtor, the sole beneficiary of the Trust is the University of California, Santa Barbara, Foundation for the Italian Studies Department.

18.    California law invalidates efforts of a settlor from using a trust to shield property from his or her creditors "*even* where the settlor is not a nominal beneficiary . . . ." *In re Cutter*, 398 B.R. 6, 19 (9th Cir. B.A.P. 2008) (citing 60 Cal. Jur.3d Trusts § 134 (2008)(emphasis added), *Sheean v. Michel*, 6 Cal.2d 324, 57 P.2d 127 (1936)).

1

**FIRST CLAIM FOR RELIEF**

2

(Declaratory Judgment Against Defendant – 28 U.S.C. § 2201 and 11 U.S.C. § 541)

3      19.     Plaintiff re-alleges and incorporates herein by reference the preceding

4 paragraphs as though fully set forth herein.

5      20.     An actual controversy has arisen and now exists between the parties, in

6 that Plaintiff contends that the Debtor's interest in the Trust is property of the estate

7 pursuant to section 541(a) of the Bankruptcy Code and, upon information and belief,

8 Defendant denies that the Debtor's interest is non-exempt property of the estate.

9      21.     Plaintiff is entitled to an order and judgment under 28 U.S.C. § 2201

10 declaring that the Debtor's interest in the Trust is property of Debtor's bankruptcy estate.

11

**SECOND CLAIM FOR RELIEF**

12

(Turnover of Property of the Estate – 11 U.S.C. § 542)

13      22.     Plaintiff realleges and incorporates herein by reference the allegations in

14 the preceding paragraphs as though fully set forth herein.

15      23.     Section 542 provides that any entity "in possession, custody, or control,

16 during the case, of property that the trustee may use, sell, or lease under section 363 of

17 this title ... shall deliver to the trustee, and account for, such property or the value of such

18 property." 11 U.S.C. § 542(a).

19      24.     Defendant is in possession of property of the Estate, namely the Trust

20 income and res.

21      25.     Pursuant to 11 U.S.C. § 542, Plaintiff, as Trustee, is entitled to turnover of

22 the Trust income and res.

23      26.     Accordingly, the entire Trust res and any income payments must be re-

24 directed to the Trustee.

25 ///

26 ///

27 ///

28 ///

1     **WHEREFORE,** Plaintiff prays for relief as follows:

2     1.     For an order finding that the Trust is Property of the Estate pursuant to 11

3     U.S.C. § 541(a);

4     2.     For an order directing the Defendant to turn over the Trust assets to the

5     Plaintiff in accordance with 11 U.S.C. § 542;

6     3.     For costs of suit incurred herein; and

7     4.     For such other and further relief as the Court deems just and proper.

8     **<u>RESERVATION OF RIGHTS</u>**

9     Plaintiff reserves all of his rights to amend this Complaint as he deems necessary

10     and appropriate, including, without limitation, adding any additional allegations, claims

11     for relief, or prayers for relief.

12

13     DATED:  January 23, 2015     MARGULIES FAITH, LLP

14     By:    */s/ Meghann Triplett*

15     Jeremy W. Faith
Meghann Triplett

16     Noreen Guregian
Attorneys for Jerry Namba, Chapter 7

17     Trustee

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

# THE CHARLES RAY ROSS TRUST
## CERTIFICATE OF TRUST

TO WHOM IT MAY CONCERN:

I, Andrew P. Krause, trustee of the Charles Ray Ross Trust of January 7, 2010, certify as follows:

## 1.    CREATION OF TRUST

The trust was created on January 7, 2010 by me, Charles Ray Ross as Grantor, under a trust agreement executed on that date.

## 2.    NAME OF TRUST

The name of the trust is the Charles Ray Ross January 7, 2010.

## 3.    TRUSTEE

The currently acting trustee of the trust is Andrew P. Krause.   *AK: 230-1529*

## 4.    TAXPAYER IDENTIFICATION NUMBER

The Trust Identification Number of this trust is 27-6345247.

## 5.    MANNER IN WHICH TITLE TO ASSETS SHOULD BE TAKEN

Title to trust assets should be taken as follows:

Andrew P. Krause, trustee
Charles Ray Ross Trust of January 7, 2010.

## 6.    TRUST PROPERTY

The trustee is now holding one or more items of property, which constitute the trust property.

## 7.    REVOCABILITY OF TRUST

The trust is irrevocable.

*Email*
*Andrew @ KVKwebsites.com*

1

*700,000 $*

**EXHIBIT 1**                **Page 5**

8.   **APPOINTMENT OF TRUSTEE AND POWERS OF TRUSTEE**

The True copies of the appointment of Trustee and the powers of the Trustee are contained in Exhibit A, attached to this certificate. The powers of the Trustee attached as Exhibit A do in fact appear in the Trust document, and the powers of the Trustee in the Trust document have not been amended or revoked as of the date of this Certificate.

9.   **NO REVOCATIONS, MODIFICATIONS, OR AMENDMENTS**

The trust has not been revoked, modified, or amended in any manner which would cause the representations contained in this certification of trust to be incorrect.

10.   **SIGNED BY ALL CURRENTLY ACTING TRUSTEES**

This certificate is signed below by me, Andrew P. Krause, the current trustee.

11.   **ACCURACY**

This certificate of trust is a true and accurate statement of the matters referred to herein.

12.   **RELIANCE ON THIS CERTIFICATE**

This certification is made in accordance with California Probate Code Section 18100.5, a copy of which is attached to this document as Exhibit B. Any transaction entered into by a person acting in reliance on this certificate shall be enforceable against the trust assets. **PROBATE CODE SECTION 18100.5 (h) PROVIDES THAT ANY PERSON WHO REFUSES TO ACCEPT THIS CERTIFICATE IN LIEU OF THE ORIGINAL TRUST DOCUMENT WILL BE LIABLE FOR DAMAGES, INCLUDING ATTORNEY FEES, INCURRED AS A RESULT OF THAT REFUSAL, IF THE COURT DETERMINES THAT THE PERSON ACTED IN BAD FAITH IN REQUESTING THE ENTIRE DECLARATION OF TRUST.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1-7-2010

_____
Andrew P. Krause, Trustee

2

**EXHIBIT 1**                                    **Page 6**

## CERTIFICATION BY ATTORNEY

I, RONALD G. HARRINGTON, declare that I am an attorney duly licensed to practice law in the State of California, that I have prepared all the documents related to the **Charles Ray Ross Trust of January 7, 2010**; and that the powers of the trustee attached to this certificate as Exhibit A are a true copy of the powers of the trustee as contained in the original trust.

Dated: 1/7/10

RONALD G. HARRINGTON

## ACKNOWLEDGMENT

STATE OF CALIFORNIA )
                     ) SS.
COUNTY OF VENTURA )

On 1-7-10 before me, Sally L. Tierney, a notary public, personally appeared Andrew P. Krause and Ronald G. Harrington, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under the PENALTY of PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature of Notary Public       (Notary Seal)

SALLY L. TIERNEY
COMM. #1664381
NOTARY PUBLIC ● CALIFORNIA
VENTURA COUNTY
Comm. Exp. JUNE 3, 2010

Exhibit A
3

## APPOINTMENT OF TRUSTEES AND SUCCESSOR TRUSTEES

I appoint **ANDREW P. KRAUSE**, as trustee. If for any reason he fails or ceases to serve as trustee, **Robert C. Hirschhorn**.

## POWERS OF TRUSTEE

A. To carry out the purposes of the trust and subject to any limitations stated elsewhere in this document, the trustee is vested with all the powers given to trustees, executors, administrators and personal representatives under the California Probate Code and other statutes of the State of California in addition to those now or hereafter conferred by law, as well as the following:

1. <u>Sale or Liquidation of Assets</u>. The trustee shall, in the trustee's discretion, sell for cash and/or terms (and to elect the installment method in appropriate cases) at public or private sale any real property owned by the trust estate at our death. Other than the specific bequests of tangible and intangible property, the successor trustee shall, in the trustee's discretion, liquidate the assets of the trust estate in order to carry out the purposes described in this instrument.

2. <u>Compensation and Reimbursement for Trustee</u>. The trustee shall pay himself/herself compensation from the trust estate during each calendar year for all ordinary services and reasonable additional compensation for any extraordinary services, all without court order. If the trustee shall serve for a part of a calendar year, the annual compensation shall be prorated. The trustee may also reimburse himself/herself for all actual and reasonable expenses incurred in the course and scope of his/her duties as trustee.

3. <u>Employment of Consultants</u>. The trustee may employ custodians, attorneys, accountants, investment advisers, corporate fiduciaries, and any other agents and advisers to assist the trustee in the administration of this trust, and the trustee may rely on the advice given by these agents. The trustee shall pay reasonable compensation for all services performed by these agents from the trust estate out of either income or principal as the trustee in the trustee's reasonable discretion shall determine. These payments shall not decrease the compensation of the trustee.

4. <u>Exculpatory Clause</u>. No trustee shall be liable to any person interested in this trust for any act or default unless it results from the trustee's bad faith, willful misconduct, or gross negligence. No trustee shall be liable for any act or omission of prior trustee.

Exhibit A

**EXHIBIT 1**                    **Page 8**

5.  Waiver of Liability for Predecessor Trustee.  Any successor trustee may accept as correct any accounting of trust assets made by any predecessor trustee.  However, the trustee may, in the trustee's absolute discretion, institute any action or proceeding for the settlement of the accounts, acts, or omissions of any predecessor trustee.

6.  Bond Waiver.  No trustee, including nonresidents, shall post bond or security.

7.  Retain or Abandon Property.  The trustee shall have the power to continue to hold any property, including shares of the trustee's own stock, or to abandon any property that the trustee receives or acquires.

8.  Unproductive Property.  The trustee shall have the power to retain, purchase, or otherwise acquire unproductive property.

9.  Sell, Exchange, Repair.  The trustee shall have the power to manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property.

10.  Lease.  The trustee shall have the power to lease trust property for terms within or beyond the terms of the trust and for any purpose, including exploration for and removal of gas, oil, and other minerals, and to enter into community oil leases, pooling, and utilization agreements.

11.  Investments.  The trustee shall have the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixed, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, preferred or common stocks, shares in investment trusts, investment companies, and mutual funds, and mortgage participations, which people of prudence, discretion, and intelligence acquire for their own account, and any common trust fund administered by the trustee.

12.  Securities.  The trustee shall have all the rights, powers, and privileges of an owner of the securities held in trust, including, but not limited to:  the power to vote, give proxies, and pay assessments; to participate in voting trusts and pooling agreements (whether or not extending beyond the term of the trust); to enter into shareholders' agreements; to consent to foreclosure, reorganizations, consolidations, merger liquidations, sales, and leases, and, incident to any such action, to deposit securities with and transfer title to any protective or other committee on such terms as the trustee may deem advisable; and to exercise or sell stock subscription or conversion rights.

Exhibit A

**EXHIBIT 1**                    **Page 9**

13. <u>Investment Funds</u>.  The trustee shall have the power to invest in mortgage participations, in shares of investment trusts and regulated investment companies, including any under the control of any investment counsel employed by the trustee; and in mutual funds, money market funds, and index funds which investors of prudence, discretion, and intelligence acquire for their own account.

14. <u>Nominee's Name</u>.  The trustee shall have the power to hold securities or other property in the trustee's name as trustee under this trust, in the trustee's own name, in the name of a nominee, or in unregistered form (such as "street shares") so that ownership will pass by delivery.

15. <u>Insurance</u>.  The trustee shall have the power to carry, at the expense of the trust, insurance of such kinds and in such amounts as the trustee deems advisable to protect the trust estate against any damage or loss and to protect the trustee against liability with respect to third parties.

16. <u>Loans</u>.  The trustee shall have the power to lend money to and borrow money from any person or institution, including a beneficiary or the estate of a beneficiary, at interest rates and with or without security.  If the trust estate includes real property, the trustee shall have the power to mortgage and otherwise encumber the property in the name of the trust.

17. <u>Principal and Income Act Governs</u>.  The trustee shall determine all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts by the provisions of the California Revised Uniform Principal and Income Act from time to time existing.  When this trust or the Act does not provide, the trustee, in the trustee's reasonable discretion, shall determine whether the particular asset is principal or income.

18. <u>Depreciation Reserve Mandatory</u>.  The trustee shall establish reasonable reserves for depreciation, notwithstanding any other provision of this trust or the California Revised Uniform Principal and Income Act.

19. <u>Undistributed Income</u>.  Except when this trust provides otherwise, at the time of any trust termination the trustee shall distribute income accrued or held undistributed to the next succeeding beneficiaries in proportion to their interests.

20. <u>Proration of Expenses</u>.  The trustee shall prorate on a daily basis all taxes and current expenses among successive beneficiaries over the period to which they relate, using 30-day months in accordance with ordinary accounting practice.

Exhibit A

**EXHIBIT 1**                              **Page 10**

# CHARLES RAY ROSS TRUST

## LIVING TRUST

## DECLARATION OF TRUST 2010

### ANDREW P. KRAUSE,

### TRUSTEE

Ronald G. Harrington, Esq.
RONALD G. HARRINGTON & ASSOCIATES
290 Maple Court, Suite 118
Ventura, California  93003
(805) 658-0998

Dated:_____1-7-10_____

**EXHIBIT 1**                              **Page 11**

## DECLARATION

I, CHARLES RAY ROSS, am a resident of the County of Ventura, State of California. I declare that I am single. I was married to Esther Mellis, but that marriage ended in divorce. I have no children living or deceased. I have one brother John Ross. I am dealing with my sole and separate property in creating this trust. I hereby establish the **CHARLES RAY ROSS TRUST** as an ir revocable living trust.

### 1.

## APPOINTMENT OF TRUSTEE AND SUCCESSOR TRUSTEES

I appoint **ANDREW P. KRAUSE**, as trustee. If for any reason he fails or ceases to serve as trustee, **Robert C. Hirschhorn**.

### 2.

## TRANSFERS

I hereby convey, assign and transfer to the Trustee the property, receipt of which is hereby acknowledged by the Trustee, and hereinafter referred to as the Trust Estate. Additional property of any nature which is acceptable to the Trustee may be added to the Trust Estate at any time and from time to time by me or by any person or persons by transfer during my life or testamentary transfer or by insurance contract or trust designation. All such original and additional property shall be referred to collectively as the Trust Estate.

2

**EXHIBIT 1**                    **Page 12**

## 3.

## ADMINISTRATION

The trustee shall hold, manage, invest and reinvest the Trust Estate and shall collect the income thereof and dispose of the income and principal as follows:

A.   <u>During my lifetime</u>:

1.   The trustee shall pay to or apply for my benefit, as provided below, the net income of the trust estate, the income to be paid in monthly or quarterly installments or upon my demand.

2.   The trustee may apply or pay any amount of income or principal to me or for my benefit, up to and including the whole, which I may request from time to time in writing.

3.   The trustee may apply or pay any amount of income and principal which the trustee may from time to time deem advisable for my proper support, care, maintenance, education and welfare.  Such payments may be made to my guardian or conservator if one has been appointed or to any person holding my power of attorney, or the trustee may apply them directly to my benefit in kind.

4. All distributions to me shall be governed by the provisions of Article 5G on page 14, relating to the Special Needs, and the decisions of the trustee regarding distributions shall be final and binding

3

**EXHIBIT 1**                                    **Page 13**

B.    <u>Upon and after my death</u>:

1.    The trustee, in the trustee's discretion, may pay from the trust estate any of my funeral and last illness expenses and debts and may pay from the trust estate any taxes arising by reason of my death.

2.    After making provision for payment of the obligations stated above, the trustee shall manage, invest and reinvest the trust estate and shall collect the income, administer the trust, and dispose of the net income and principal as stated in Schedule B, attached hereto and incorporated by reference. When the trustee has completed distribution as provided, the trust shall terminate and the trustee be discharged.

<u>4.</u>

## POWERS OF TRUSTEE

A.    To carry out the purposes of the trust and subject to any limitations stated elsewhere in this document, the trustee is vested with all the powers given to trustees, executors, administrators and personal representatives under the California Probate Code and other statutes of the State of California in addition to those now or hereafter conferred by law, as well as the following:

1.    <u>Sale or Liquidation of Assets</u>. The trustee shall, in the trustee's discretion, sell for cash and/or terms (and to elect the installment method in appropriate cases) at public or private sale any real property owned by the trust estate at my death. Other than the specific bequests of tangible and intangible property, the trustee shall, in the trustee's

4

**EXHIBIT 1**                    **Page 14**

discretion, liquidate the assets of the trust estate in order to carry out the purposes described in this instrument.

2. <u>Compensation and Reimbursement for Trustee</u>. The trustee may pay himself/herself compensation from the trust estate during each calendar year for all ordinary services and reasonable additional compensation for any extraordinary services, all without court order. If the trustee shall serve for a part of a calendar year, the annual compensation shall be prorated. The trustee may also reimburse himself/herself for all actual and reasonable expenses incurred in the course and scope of his/her duties as trustee.

3. <u>Employment of Consultants</u>. The trustee may employ custodians, attorneys, accountants, investment advisers, corporate fiduciaries, and any other agents and advisers to assist the trustee in the administration of this trust, and the trustee may rely on the advice given by these agents. The trustee shall pay reasonable compensation for all services performed by these agents from the trust estate out of either income or principal as the trustee in the trustee's reasonable discretion shall determine. These payments shall not decrease the compensation of the trustee.

4. <u>Exculpatory Clause</u>. No trustee shall be liable to any person interested in this trust for any act or default unless it results from the trustee's bad faith, willful misconduct, or gross negligence. No trustee shall be liable for any act of omission of a prior trustee.

5. <u>Waiver of Liability for Predecessor Trustee</u>. Any successor trustee may accept as correct any accounting of trust assets made by any predecessor trustee.

5

**EXHIBIT 1**                                **Page 15**

However, the successor trustee may, in the trustee's absolute discretion, institute any action or proceeding for the settlement of the accounts, acts, or omissions of any predecessor trustee.

6. <u>Bond Waiver</u>. No trustee, including nonresidents, shall post bond or security.

7. <u>Retain or Abandon Property</u>. The trustee shall have the power to continue to hold any property, including shares of the trustee's own stock, or to abandon any property that the trustee receives or acquires.

8. <u>Unproductive Property</u>. The trustee shall have the power to retain, purchase, or otherwise acquire unproductive property.

9. <u>Sell, Exchange, Repair</u>. The trustee shall have the power to manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property.

10. <u>Lease</u>. The trustee shall have the power to lease trust property for terms within or beyond the terms of the trust and for any purpose, including exploration for and removal of gas, oil, and other minerals, and to enter into community oil leases, pooling, and utilization agreements.

11. <u>Investments</u>. The trustee shall have the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixed, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, preferred or common stocks, shares in investment trusts, investment companies,

6

**EXHIBIT 1**                                        **Page 16**

and mutual funds, and mortgage participations, which people of prudence, discretion, and intelligence acquire for their own account, and any common trust fund administered by the trustee.

12. <u>Securities</u>.  The trustee shall have all the rights, powers, and privileges of an owner of the securities held in trust, including, but not limited to: the power to vote, give proxies, and pay assessments; to participate in voting trusts and pooling agreements (whether or not extending beyond the term of the trust); to enter into shareholders' agreements; to consent to foreclosure, reorganizations, consolidations, merger liquidations, sales, and leases, and, incident to any such action, to deposit securities with and transfer title to any protective or other committee on such terms as the trustee may deem advisable; and to exercise or sell stock subscription or conversion rights.

13. <u>Investment Funds</u>.  The trustee shall have the power to invest in mortgage participations, in shares of investment trusts and regulated investment companies, including any under the control of any investment counsel employed by the trustee; and in mutual funds, money market funds, and index funds which investors of prudence, discretion, and intelligence acquire for their own account.

14. <u>Nominee's Name</u>.  The trustee shall have the power to hold securities or other property in the trustee's name as trustee under this trust, in the trustee's own name, in the name of a nominee, or in unregistered form (such as "street shares") so that ownership will pass by delivery.

**EXHIBIT 1**                                                    **Page 17**

15. <u>Insurance</u>. The trustee shall have the power to carry, at the expense of the trust, insurance of such kinds and in such amounts as the trustee deems advisable to protect the trust estate against any damage or loss and to protect the trustee against liability with respect to third parties.

16. <u>Loans</u>. The trustee shall have the power to lend money to and borrow money from any person or institution, including a beneficiary or the estate of a beneficiary, at interest rates and with or without security. If the trust estate includes real property, the trustee shall have the power to mortgage and otherwise encumber the property in the name of the trust.

17. <u>Principal and Income Act Governs</u>. The trustee shall determine all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts by the provisions of the California Revised Uniform Principal and Income Act from time to time existing. When this trust or the Act does not provide, the trustee, in the trustee's reasonable discretion, shall determine whether the particular asset is principal or income.

18. <u>Depreciation Reserve Mandatory</u>. The trustee shall establish reasonable reserves for depreciation, notwithstanding any other provision of this trust or the California Revised Uniform Principal and Income Act.

19. <u>Undistributed Income</u>. Except when this trust provides otherwise, at the time of any trust termination the trustee shall distribute income accrued or held undistributed to the next succeeding beneficiaries in proportion to their interests.

8

**EXHIBIT 1**                                      **Page 18**

20. Proration of Expenses. The trustee shall prorate on a daily basis all taxes and current expenses among successive beneficiaries over the period to which they relate, using 30-day months in accordance with ordinary accounting practice.

21. Tax Consequences - Adjustment. The trustee shall have the power in the trustee's reasonable discretion to take any action and to make any election to minimize the tax liabilities of any trust and its beneficiaries, to allocate the benefits among the various beneficiaries, and to make adjustments in the rights of any beneficiaries, or between the income and principal accounts, to compensate for the consequences of any tax election or any investment or administrative decision that the trustee believes has had the effect of directly or indirectly preferring one beneficiary or group of beneficiaries over others.

22. Multiple Trusts - No Physical Division. If more than one trust is held under this document, the trustee shall not be required to physically segregate or divide assets between the various trusts, except on the termination of any of the trusts. However, the trustee shall keep separate accounts for the separate undivided interests and may hold undivided interests in the same assets.

23. Authority to Pay Death Taxes of Beneficiary. The trustee, in the trustee's discretion, shall have the power to pay from the trust estate, and to allocate between income and principal, any death taxes to the extent that such taxes are attributable to the trust estate or any part of it (calculated at the average rates applicable to such tax). However, any trust property otherwise exempt or excluded from death taxes shall not be subject to the payment of any such death taxes.

9

**EXHIBIT 1**                                    **Page 19**

24. <u>Catastrophic Illness Allocation</u>. In the event of an emergency such as a Catastrophic illness, the Trustee shall have the power and authority to allocate and realign the investments of the Trust in order to preserve and protect the assets of the Trust Estate. This power shall include, but not be limited to, the authority to purchase, invest and hold certain assets which would not otherwise be considered proper diversification. The Trustee shall use his/her sole discretion in determining whether such non-diversification of the assets outweigh the risk associated with it. The Trustee shall not be liable for using his or her best judgment in making these investment decisions.

In the event that the Trustee determines in his/her sole discretion, that in order to preserve the assets, it is in the best interest of the Grantor to have the personal residence and other assets transferred out of the Trust Estate, the Trustee is authorized and directed to transfer such assets, subject to the restrictions below.

The Trustee shall take into consideration any and all ramifications including, but not limited to, gift, estate, income and property tax consequences which may occur as a result of the transfer of trust assets. The decision to transfer any such assets shall, subject to the provisions of this section, be made at the sole discretion of Trustee.

In the event that Grantor is unable, for any reason, to sign and have Grantor's signature notarized, the Trustee shall have the authority to make such transfers outright, either to Grantor or to the Trust's principal beneficiaries.

25. <u>Beneficiary's Last Illness and Funeral Expenses</u>. The trustee shall have the power, in the trustee's reasonable discretion, to pay the last illness expenses, funeral

10

**EXHIBIT 1**                                              **Page 20**

expenses, and other obligations incurred for the beneficiary's support from the income or principal of the beneficiary's trust.

26.  <u>Consideration of Basis in Distributions</u>.  In making non prorata distributions to beneficiaries, the trustee shall consider and attempt to equalize, as far as practicable, the aggregate income tax basis of assets distributed to the various beneficiaries. Any such determination by the trustee shall be binding on all parties.

27.  <u>Distribution - Broad Powers</u>.  When the trustee must divide any trust property into parts or shares for the purpose of distribution, or otherwise, the trustee may, in the trustee's reasonable discretion, make the division and distribution in identical interests, in kind, or partly in kind and partly in money, prorata or non-prorata.  Also, the trustee may sell such trust property as the trustee deems necessary to accommodate such distributions.

28.  <u>Trustee Discretion to Terminate Small Trust</u>.  The trustee may determine whether, in his/her reasonable discretion, the principal of the trust is uneconomical to administer. The trustee may then, either (1) distribute the trust assets to the beneficiaries in proportion to their interests in income; (2) purchase and deliver to each income beneficiary a restrictive savings account, certificate of deposit, annuity, or endowment; (3) distribute the trust assets to a custodian for each minor beneficiary under the Uniform Gifts to Minors Act; or (4) distribute the trust assets as provided by law.  On such distribution and delivery, the trust shall terminate.  The trustee shall not be liable or

11

**EXHIBIT 1**                          **Page 21**

responsible to any person for his/her action nor for any failure or refusal at any time to terminate the trust as authorized in this paragraph.

29. <u>Rights and Powers of Owner</u>.  The trustee shall have the rights, powers and privileges of an owner, including but not limited to the right to manage, administer, borrow, lend, make gifts (including gifts to the trustee), invest and reinvest the trust estate using the judgment which a prudent person would use with respect to property held in trust for others, subject always to the discharge of the trustee's fiduciary obligations.

30.    <u>Co-Trustees</u>.  At any time there are co-trustees, each may act independently to sign and execute any document or take any action, and the action shall be as binding as if all co-trustees had taken such action.

31. <u>Trustee Using Power of Attorney</u>.  If I, as trustee, or anyone serving as trustee, executes a general power of attorney, the agent under such power of attorney shall have the right and power to exercise any and all of the powers of the trustee under this trust. However, only the original and successor trustee(s) named in this trust may be agents under such power(s) of Attorney. Other agents may be named if the named successor trustee(s) are not available or able to act as agents under the power(s) of attorney.

32. <u>Power to Add Other Signers to Accounts</u>.  The trustee shall, at any time, have the right and power to add one or more persons to any accounts as additional signers on such accounts, such as bank accounts, investment accounts, and all other accounts. Such additional signers shall have the right to deal with such accounts in the same manner and with the same authority as the trustee. The institutions where such accounts are

12

**EXHIBIT 1**                                    **Page 22**

held shall have no duty to inquire into the purpose for which such additional signers are so authorized by the trustee.

## 5.

## CONCLUDING PROVISIONS

A.   Revocation and Amendment:

This instrument and the trust or trusts evidenced are irrevocable.

B.   Claimants: I have, except as otherwise expressly provided in this trust instrument, intentionally and with full knowledge declined to provide for any and all of my heirs and other persons who may claim an interest in my estate or in any trust. If any beneficiary, other than I as Grantor, shall in any manner, directly or indirectly, attempt to contest or oppose the validity of this trust, including any amendments thereto, or commences or prosecutes any legal proceedings to set aside this trust, then such beneficiary shall forfeit his or her share, cease to have any right or interest in the Trust property, and shall be deemed to have predeceased me with no living issue.

C.   Headings: The various clause headings used in the trust are for convenience of reference only and constitute no substantive part of this document.

D.   Gender: As used in this instrument, the masculine, feminine or neuter gender and singular or plural number, shall each be allowed to include the other whenever the context so indicates.

E.   Enforceability: If any provision of this instrument is unenforceable, the remaining provisions shall nevertheless be carried into effect.

13

**EXHIBIT 1**                    **Page 23**

F.    <u>Spendthrift Trust Provision</u>:  No interest in the principal or income of any trust created under this instrument shall be anticipated, assigned, encumbered, or subject to any creditor's claim or to legal process prior to its actual receipt by the beneficiary.

G.    <u>Supplemental to Governmental Benefits</u>:  No part of principal or income shall be used or applied for any benefit to which any beneficiary is entitled under Medi-Cal, Medicaid, Medicare, Social Security, or any other government assistance program for any purpose, including but not limited to hospitalization, custodial care, convalescent care, physician care, nursing care, medication, or other treatment of any kind. The assets of this trust shall be used, if at all, solely to supplement such governmental benefits and as a secondary resource after all such government assistance has been paid or applied for the care of the beneficiary.  If the receipt of any inheritance or other benefit from the trust would result in any beneficiary being denied such benefits, such gift shall lapse and that beneficiary's portion shall go to remaining beneficiary or beneficiaries.

H.    <u>Surviving</u>:  A person shall be deemed to have survived another person under this trust only if he/she has survived that person by at least sixty (60) days.

I.    <u>Interpretation</u>:  These trusts have been accepted by the trustee in the State of California, and unless otherwise provided in this instrument, their validity, construction, interpretation, and all rights under them shall be governed by the laws of California.

J.    <u>Name of Trust</u>:  This trust shall be referred to as the **CHARLES RAY ROSS TRUST**.

14

**EXHIBIT 1**                    **Page 24**

K.    In my capacity as grantor and trustee, I have executed a document entitled "Certificate of Trust Existence and Authority" making reference to the **CHARLES RAY ROSS TRUST**. The reason for the above-described document is that I do not desire that the subject matter of this Agreement be disseminated to other persons and/or entities. Unless the trustee deems it necessary to provide a copy of this Declaration to other persons and/or entities, the trustee shall instead provide such persons and/or entities with a copy of the Certificate of Trust Existence and Authority together with a copy of the Powers of the Trustee.

L. Unless terminated earlier, any trust created by this document shall terminate twenty-one (21) years after the death of the last surviving issue of mine who is living on the date of my death.

I certify that I have read the foregoing Declaration of Trust and that it correctly states the terms and conditions upon which the trust estate is to be held, administered, and disposed of by the trustee. In my capacity as grantor and trustee I approve the Declaration of Trust in all particulars, and as trustee I have agreed to execute it.

IN WITNESS WHEREOF, as grantor and the trustee have executed and published this trust agreement on this 7th day of January 2010.

CHARLES RAY ROSS, Grantor
by Andrew P. Krause, his
Attorney-in-fact

ANDREW P. KRAUSE, Trustee

15

**EXHIBIT 1**                                                        **Page 25**

STATE OF CALIFORNIA  )
                     ) SS.
COUNTY OF VENTURA    )

    On January 7, 2010, before me, Sally L. Tierney, a notary public, personally appeared Andrew P. Krause, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

    I certify under the PENALTY of PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

    WITNESS my hand and official seal.

_____  (Notary Seal)
Signature of Notary Public



16

**EXHIBIT 1**                                                    **Page 26**

# CHARLES RAY ROSS TRUST

## SCHEDULE B

## DISTRIBUTION

Upon my death,  the trustee shall distribute and administer the assets of the trust as follows:

1.  All the trust estate, whether real or personal and of whatever nature and wherever situated, shall be distributed to The University of California, Santa Barbara (UCSB) Foundation for the Italian Studies Department. This gift shall establish the Charles Ray Ross Fund for Italian Studies to support teaching, research, and program needs at the direction of the Department Chair, for research and other programming that advances Italian Studies at the University of California, Santa Barbara.

2.  I specifically disinherit my brother, John Ross, and my ex-wife Esther Mellis.

3.  Notwithstanding any other provision of this trust, if prior to my death I indicate in writing that any item of personal property is to be given to a certain person, I intend that such writing shall constitute a deed of gift.  As to all such items, they shall not be included within the provisions of the trust but shall be given directly to the designated person or persons whether or not such items of property have been actually transferred by the time of my death to the person or persons named as donees.

Dated: _I 7- 2010_

_Charles Ray Ross_
_trustee  Attorney in fact_
CHARLES RAY ROSS,
By Andrew P. Krause, his
Attorney-in-fact

1

**EXHIBIT 1**                                    **Page 27**